IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| LINDON INGRAM, | ) |
| Petitioner, | ) |
| v. | ) 4:12-cv-0390-WMA-PWG |
| ERIC HOLDER, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Petitioner Lindon Ingram, *pro se*, has filed this action as nominally seeking a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. He has been granted leave to proceed *in forma pauperis*. The action is now before the court for preliminary review. For the reasons set forth below, the court concludes that the action is due to be dismissed without prejudice.

**I.    BACKGROUND**

According to the return address he provided to the court, Ingram is being held at the Etowah County Detention Center in Gadsden, Alabama. He has not actually filed a "petition" seeking habeas relief in this court. Rather, he has filed only a "Motion to Hold Habeas Corpus Petition in Abeyance," naming United States Attorney General Eric Holder as the sole respondent. (Doc. 1). In his motion, Ingram asks the court "to stay the proceedings in this matter and hold this habeas corpus petition filed under 28 U.S.C. § 2254 in abeyance to allow the defendant to exhaust his state remedies," citing *Rhines v. Weber*, 544 U.S. 269 (2005). Ingram asserts that "this court has ruled that he has filed a 'mixed' federal habeas corpus petitioner (sic), containing some claims that have been exhausted in the states (sic) court and some has (sic) not." (Doc. 1). He further alleges that he has filed a pending motion in some "state's criminal court" that is not otherwise specified "to vacate his guilty plea for witness intimidation."

Ingram urges that if "petitioner is removed from the United States while his motions are still pending in the criminal court, and a decision is made ... to ... vacate petitioner's conviction or to grant petitioner a new trial," this will violate his due process and equal protection rights under the Fifth Amendment. He similarly offers that such rights will be violated if he is removed and his motions pending in state court are denied or dismissed and he will be unable to appeal.

## II.   DISCUSSION

Ingram indicates that he has previously filed a habeas petition in this court. The court's records show, however, he has not, in fact, filed any other case here, habeas or otherwise. Ingram also suggests that he is filing the instant petition pursuant to 28 U.S.C. § 2254. However, § 2254 authorizes habeas relief for a person in custody pursuant to the judgment of a state court who claims that such custody violates the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Ingram does not state that he is in custody pursuant to the judgment of a state court, nor does he claim that he is currently being held in violation of the Constitution or laws of the United States.

It is apparent that Ingram is being detained, rather, by the Immigration Customs Enforcement ("ICE"), the principal investigative arm of the United States Department of Homeland Security. ICE contracts with Alabama officials to house immigration detainees at the Etowah County Detention Center pending their removal from the United States pursuant to an order of removal issued by an immigration judge under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*[1] Ingram states that he is at the Etowah County Detention Center, and he has named the sole respondent in this case as United States Attorney General Holder, not an Alabama sheriff, warden, or other official of the Alabama Department of Corrections. Further, in support of his application to proceed *in forma pauperis* in this

---

[1] *See* http://www.etowahcountysheriff.com/html/-i_c_e_.html (last visited March 28, 2012).

court, Ingram has filed an order entered by the United States Court of Appeals for the First Circuit, dated November 14, 2011, granting Ingram's application to proceed *in forma pauperis* in that court's case number 11-2236. Online records from court show that Ingram is a native and citizen of Jamaica and that he has filed a petition in the First Circuit seeking review of an order of removal. Those records also show that Ingram moved in the First Circuit, but was denied, a stay of his removal pending the outcome of his petition for review.

It seems likely that Ingram's instant motion "to stay the proceedings in this matter" actually amounts to a request that this court issue an order *staying his removal* from the United States while he attempts to obtain post-conviction relief in the courts of some unspecified state. To the extent that is so, this court lacks jurisdiction to grant such relief. Generally speaking, the exclusive means for judicial review of all issues related to an order of removal under the INA is a petition for review in the appropriate court of appeals. *See* 8 U.S.C. § 1252(a)(5); 8 U.S.C. § 1252(b)(9). The only statutory exception is set forth in 8 U.S.C. § 1252(a)(5), which allows habeas review in the district courts under § 1252(e) and 28 U.S.C. § 2241 to determine whether an individual is an alien, is subject to a removal order, or already has lawful status as a permanent resident, refugee, or asylee. Ingram's application makes no such challenge. As a result, only a federal court of appeals, not this district court, might possess subject-matter jurisdiction to review the correctness of the removal order. *See Alexandre v. United States Atty. Gen.*, 452 F.3d 1204, 1206 (11th Cir. 2006); *Mata v. Secretary of Dep't of Homeland Sec.*, 426 Fed. App'x 698, 699-700 (11th Cir. 2011); *Invantchouk v. United States Atty. Gen.*, 417 Fed. App'x 918, 921-22 (11th Cir. 2011). Likewise, this court is without authority to grant relief that would stay his removal pursuant to the removal order. *See Mata*, *supra*; *Joseph v. Napolitano*, 2010 WL 1507040, *1 (S.D. Fla. 2010);

*Sanchez-Montes v. Department of Homeland Sec.*, 2008 WL 298967, *1-3 (M.D. Fla. 2008); *Sanchez v. State of Fla.*, 2009 WL 1953002, *2 (M.D. Fla. 2009).

Alternatively, Ingram's application might be construed as asking this court to follow a stay and abeyance procedure outlined in *Rhines*. A state prisoner seeking federal habeas relief pursuant to 28 U.S.C. § 2254 is generally required to exhaust his claims by first presenting them to the courts of the state of conviction. *See* 28 U.S.C. § 2254(b)(1). In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court held that federal district courts are not authorized to adjudicate "mixed" petitions, *i.e.*, those containing both exhausted and unexhausted claims. *Id.* at 518-19. The *Lundy* Court further instructed that a court faced with a mixed § 2254 petition should dismiss it without prejudice to allow the petitioner to pursue state remedies on the unexhausted claims and then return later to seek federal habeas review. *Id.*

Subsequently, in 1996, Congress enacted legislation providing that a § 2254 habeas application must be filed in federal court prior to the expiration of a one-year statue of limitations, typically triggered when the contested state conviction becomes "final," *see* 28 U.S.C. § 2244(d)(1), although the limitations period is tolled during the pendency of state post-conviction proceedings. *See* 28 U.S.C. § 2244(d)(2). In *Rhines*, the Court recognized that the interplay of that one-year limitations period and *Lundy*'s instruction to dismiss mixed petitions creates a risk that a petitioner who files a timely § 2254 petition will lose the opportunity for any federal habeas review of their unexhausted claims. 544 U.S. at 275. As a result, *Rhines* approved of a procedure, under which, instead of dismissing a mixed § 2254 petition under *Lundy*, a district court might stay the petition and hold it in abeyance until after the petitioner returns to state court and those proceedings to exhaust his previously unexhausted claims have concluded. *Id.* at 275-76. However, the Court further recognized that such a "stay and abeyance" procedure should be available only in limited circumstances, specifically where: (1) the petitioner had "good cause" for

4

failing to exhaust the claims in state court; (2) the unexhausted claims are "potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278; *see also Ogle v. Johnson*, 488 F.3d 1364, 1370 (11th Cir. 2007); *Thompson v. Secretary for Dep't of Corr.*, 425 F.3d 1364, 1365-66 (11th Cir. 2005).

 Here, there is no reason here to think that Ingram's circumstances might call for the *Rhines* stay and abeyance procedure. "For a federal court to have subject matter jurisdiction over a habeas proceeding [under § 2254], the petitioner must be "in custody pursuant to the judgment of a State court." *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001) (quoting 28 U.S.C. § 2254(a)). Ingram has not alleged that he is in custody pursuant to the judgment of a state court. He certainly has not alleged that he is or will be confined pursuant to the judgment of an *Alabama* state court, as would be required to bring a § 2254 action in this or any other district in Alabama. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). If Ingram is being detained by federal immigration officials, as it clearly appears, such immigration detention does not render him "in custody" for the purpose of challenging a state conviction under § 2254. *See Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008); *Resendiz v. Kovensky*, 416 F.3d 952, 956-58 (9th Cir. 2005); *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004)(abrogated on other grounds, *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010)); *cf. Birotte v. Secretary for Dep't of Corr.*, 236 Fed. App'x 577, 579-80 (11th Cir. 2007) (issuance of a removal order based on an expired state conviction did not render the petitioner "in custody" for purposes of challenging that conviction pursuant to § 2254). Accordingly, this court lacks jurisdiction to consider Ingram's application to the extent it might be construed as a § 2254 habeas petition. *Ogunwomoju*; *Resendiz*, *supra*.

Even if Ingram's application could be heard by this court as a § 2254 petition, the stay and abeyance procedure would not be appropriate under *Rhines*. In particular, Ingram has not shown "good cause" for first failing to exhaust whatever federal claims he has in the courts of the appropriate state. Nor has he demonstrated that his claims are "potentially meritorious." Indeed, Ingram has wholly failed to articulate the substance of *any* underlying claim in this court.

As a final note, the court would recognize that an immigration detainee may in some limited circumstances pursue habeas relief in the district courts to contest the legality of that detention; however, in such circumstances the petition is under the auspices of the general habeas statute, 28 U.S.C. § 2241. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); 8 U.S.C. §§ 1252(a)(5), (e); *Madu v. United States Atty. Gen.*, 470 F.3d 1362, 1367 (11th Cir. 2006). Ingram makes no such claim here. Moreover, no statute of limitations applies to aliens filing petitions under § 2241. *Nolasco v. United States*, 358 F. Supp. 2d 224, 226 n. 3 (S.D.N.Y. 2004). Thus, the concerns underlying *Rhines* would not be present, so there is no reason to employ the stay and abeyance procedure with such petitions. *Cf. Zadvydas*, 533 U.S. at 699 ("*Cessante ratione legis, cessat ipse lex* [*i.e.*,] the rationale of a legal rule no longer being applicable, that rule itself no longer applies." (internal parenthesis omitted)).

### III.   CONCLUSION

Based on the foregoing, this action is due to be DISMISSED WITHOUT PREJUDICE. A separate final order will be entered.

DONE, this 13th day of April, 2012.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE